IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TGR INTELLECTUAL PROPERTIES, LLC and FLEXVIEW SYSTEMS, LLC<br><br>Plaintiffs,<br>vs.<br><br>ICWUSA.COM, INC.<br><br>Defendants. | Case No.: 16-cv-11143<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs TGR Intellectual Properties, LLC ("TGR") and Flexview Systems, LLC ("Flexview"), by and through their undersigned attorneys, for their complaint against Defendant ICWUSA.com, Inc. ("ICW"), hereby allege as follows:

### NATURE OF LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES

2. Plaintiff TGR Intellectual Properties, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277. TGR is the assignee of United States Patent Nos. 8,201,781, 8,403,274, 8,702,045 and 9,256,911, among others. TGR is owned by Dr. Shannon G. Parsons, a periodontist, the inventor of the patents.

3. Plaintiff Flexview Systems, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277. Flexview manufactures and sells patented Flexview$^{TM}$ monitor mounting systems under license from TGR. Flexview is also owned by Dr. Parsons.

4. Defendant ICWUSA.com, Inc. is an Oregon corporation with a principal place of business at 1487 Kingsley Drive, Medford, Oregon 97504. Upon information and belief, Defendant ICWUSA.com, Inc. has committed acts of patent infringement in this judicial district and has minimum contacts with this forum by way of at least the offering for sale and sale of infringing products in this district, either directly or through distributors or retailers, and by placing its products in the stream of commerce directed at this judicial district.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## ALLEGATIONS COMMON TO ALL COUNTS

6. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,201,781 ("the '781 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on June 19, 2012. A copy of the '781 patent is attached as Exhibit 1. Flexview is the exclusive licensee of the '781 patent.

7. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,403,274 ("the '274 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 26, 2013. A copy of the '274 patent is attached as Exhibit 2. Flexview is the exclusive licensee of the '274 patent.

8. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,702,045 ("the '045 patent"), entitled "Adjustably

Positionable Display and Lighting Arrangement," issued on April 22, 2014. A copy of the '045 patent is attached as Exhibit 3. Flexview is the exclusive licensee of the '045 patent.

9. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 9,256,911 ("the '911 patent"), entitled "Method for Providing Health Care Service to a Patient Utilizing an Electronic Display," issued on February 9, 2016. A copy of the '911 patent is attached as Exhibit 4. Flexview is the exclusive licensee of the '911 patent.

10. Flexview manufactures and sells monitor mounting systems, including the Flexview$^{TM}$ Pro.

11. Flexview$^{TM}$ monitor mounting systems are typically sold for use in dental offices, but may also be used in other medical applications. The system is designed for optimal placement of a video screen for viewing by a dental patient, taking into consideration that a dental light must often also be used in conjunction with the video screen.

12. Flexview$^{TM}$ monitor mounting systems practice the inventions claimed in the patents asserted in this litigation.

13. Flexview's monitor mounting systems have been promoted and displayed at dental industry trade shows since at least 2005.

14. ICW sells monitor mount systems including the Titan Elite Ceiling Mount and the Double Elite Wall Mount (collectively, "ICW Monitor Mounts"), as shown below:

3

 

15. The ICW Monitor Mounts enable the mounting of a video screen in a dental office for viewing of the video screen by a dental patient in a dental chair.

16. A monitor mounted with the ICW Monitor Mounts may be disposed in a horizontal position, and suspended directly above the headrest of a dental chair for viewing by a patient in the dental chair.

17. ICW provides instruction and directions for purchasers regarding the installation and use of the ICW Monitor Mounts.

## COUNT I

## CONTRIBUTORY INFRINGEMENT

18. Plaintiffs incorporate by reference the allegations of Paragraphs 1-17.

4

19. ICW has contributed to the infringement of claims of the '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale ICW Monitor Mounts to dental and medical offices.

20. The ICW Monitor Mounts are a material component of the electronic display and lighting arrangement claimed in the '781, '274 and '045 patents.

21. The ICW Monitor Mounts are a material component of the method for providing healthcare service to a patient claimed in the '911 patent.

22. Since at least the filing of this complaint, ICW has known that the ICW Monitor Mounts are especially made or adapted for use in infringement of the '781, '274, '045 and '911 patents, and are not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental and medical office market.

23. Since at least the filing of this complaint, ICW has sold and offered for sale the ICW Monitor Mounts in the dental and medical office market despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by ICW.

24. Since at least the filing of this complaint, ICW has willfully infringed claims of the '781, '274, '045 and '911 patents by selling and offering for sale the ICW Monitor Mount to the dental and medical office market.

## COUNT II

### INDUCED INFRINGEMENT

25. Plaintiffs incorporate by reference the allegations of Paragraphs 1-24.

26. ICW has induced infringement of claims of the '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale the ICW Monitor Mounts to dental and medical offices with the specific intent that the ICW Monitor Mounts would be installed for use in dental and/or medical offices in conjunction with dental chairs and/or medical beds, and with full knowledge and awareness that such induced acts constituted infringement of the '781, '274, '045 and '911 patents.

27. ICW has sold the ICW Monitor Mounts to the dental and medical office market with the knowledge and intent that the ICW Monitor Mount would be installed and used in conjunction with a dental chair and/or medical bed.

28. Plaintiffs have prominently marketed, promoted and displayed their Flexview™ monitor mounting systems at dental industry trade shows since at least 2005.

29. Since at least the filing of this complaint, ICW has had actual knowledge of the '781, '274, '045 and '911 patents.

30. Since at least the filing of this complaint, ICW has had actual knowledge that the ICW Monitor Mounts, when used as intended in a dental or medical office in conjunction with a dental chair or medical bed, infringe claims of the '781, '274, '045 and '911 patents, and sales of the ICW Monitor Mounts to the dental and medical office market would therefore induce infringement of the patents.

31. ICW sold and offered for sale the ICW Monitor Mounts in the dental and medical office market despite an objectively high likelihood that its actions would induce infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by ICW.

32. ICW has willfully induced infringement of claims of the '781, '274, '045 and '911 patents by selling and offering for sale the ICW Monitor Mounts to the dental and medical office market.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against ICW, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the Plaintiffs' patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the asserted patents; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: December 7, 2016            Respectfully submitted,

/s/ Anthony E. Dowell
Anthony E. Dowell
aedowell@dowellip.com
DOWELL IP
333 W. North Ave #341
Chicago, Illinois 60610
Phone: (312) 291-8351

**ATTORNEY FOR PLAINTIFFS
TGR INTELLECTUAL PROPERTIES, LLC
AND FLEXVIEW SYSTEMS, LLC**

8